UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
------------------------------------------------------------X

UNITED STATES OF AMERICA,

    -against-

ROBERT WEHNERT, et al.,

                  Defendants.
------------------------------------------------------------X

**NOTICE OF MOTION**

Indictment No.: S1 11 Cr. 005 (SLT)

**PLEASE TAKE NOTICE**, that upon the Affirmation of Joseph Corozzo, dated December 28, 2011, and the accompanying Memorandum of Law, the defendant Robert Wehnert, by his attorney Joseph Corozzo, will move this Honorable Court before the Hon. Sandra L. Townes, United States District Court Judge for the Eastern District of New York located at 225 Cadman Plaza East, Brooklyn, New York, at a date and time to be fixed by the Court, for a dismissal of this case against Robert Wehnert pursuant to Rule 6 (b)(2) of the Federal Rules of Criminal Procedure, or in the alternative, an Order pursuant to Rule 14 of the Federal Rules of Criminal Procedure severing the trial of defendant Robert Wehnert from defendant Bartolomeo Vernace on the grounds that the failure to conduct separate trials will result in substantial prejudice to Mr. Wehnert, together with such other and further relief as the Court deems just and proper.

Dated: New York, New York
       December 28, 2011

Respectfully submitted,

JOSEPH COROZZO, ESQ.
Rubinstein & Corozzo, LLP
Attorney for *Robert Wehnert*
260 Madison Avenue, 22nd Floor
New York, New York 10016
Phone (212) 545-8777
Fax (212) 679-1844

To:    All other counsel of record via ECF

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
---------------------------------------------------------------X

UNITED STATES OF AMERICA,

    -against-

ROBERT WEHNERT, et al.,

                Defendants.

---------------------------------------------------------------X

**AFFIRMATION OF JOSEPH COROZZO IN SUPPORT OF MOTION TO DISMISS AND MOTION TO SEVER**

Indictment No.: S1 11 Cr. 005 (SLT)

STATE OF NEW YORK    )
COUNTY OF NEW YORK  ) ss.:

1.    Joseph Corozzo, being duly sworn, deposes and says:

2.    I am an attorney duly admitted to practice before this Court and I represent ROBERT WEHNERT (hereinafter referred to as "Wehnert") in the above captioned criminal prosecution.

3.    I am fully familiar with the facts and circumstances of this matter and make this affidavit in support of the Defendant's motion to dismiss the indictment and in the alternative a severance from codefendant Bartolomeo Vernace.

4.    This affirmation is made on information and belief, based on a reading of the indictment and review of discovery and other documents produced by the government relating to defendant Wehnert.

5.    Defendant Wehnert was indicted by a Special Grand Jury on January 7, 2011 no. 11-005 CR.-SLT and charged with one racketeering conspiracy count of a two count indictment.

6.    The same Special Grand Jury voted a superseding indictment in the case no. 11-005 s-1 CR.-SLT on September 8, 2011.

7.    This Special Grand Jury began its term on March 2, 2009 more than 30 months prior to the superseding indictment.

8.      Throughout the time period between March 2, 2009 and September 8, 2011 it is believed the Special Grand Jury conducted many unrelated investigations, voted many indictments and continued new and unlimited investigations after the expiration of the original term of 18 months.

9.      Specifically, on May 5, 2011, the same Special Grand Jury indicted two unrelated defendants, Keith Levine and JianJun Liu, each charged in separate indictments nos. 11-cr-345-SLT and 11-cr-346-CBA, respectively. These cases are not associated with the case at hand.

10.     This Special Grand Jury received multiple term extensions to continue its investigations.

11.     Defendant Wehnert moves to dismiss the indictment pursuant to Rule 6 (b)(2) of the Federal Rules of Criminal Procedure based on the Special Grand Jury improperly embarking on new business and becoming an arm of the prosecution during the multiple term extensions it received.

12.     In the alternative, Wehnert moves for a severance from codefendant Bartolomeo Vernace due to the liklihood of spillover prejudice from evidence of violent crimes.

13.     Count One of the superseding indictment charges defendants Bartolomeo Vernace, Vito Cortesiano, Michael Dolphin, Anthony Vaglica and Robert Wehnert with racketeering conspiracy through conducting and participating in a pattern of racketeering activity consisting of RICO acts one through nine. Count Two charges Bartolomeo Vernace with using, carrying and possessing a firearm.

14.     The nine RICO acts in Count One are 1) conspiracy to distribute heroin and heroin distribution, 2) conspiracy to murder and murder of John D'Agnese, 3) conspiracy to murder and murder of Richard Godkin, 4) illegal gambling – joker poker, 5) extortionate extension and collection of credit conspiracies, 6) extortionate extension and collection of credit conspiracies,

7) illegal gambling – baccarat, 8) extortionate extension of credit conspiracy, and 9) and extortionate extension and collection of credit conspiracies. Wehnert is charged with two predicate acts, RICO act seven, illegal gambling – baccarat, and RICO act eight, extortionate extension of credit conspiracy.

15. Defendant Vernace is charged with conspiracy to distribute heroin/heroin distribution, and conspiracy to murder/murder of John D'Agnese and Richard Godkin, as well as illegal gambling and extortionate extensions/collection of credit.

16. In RICO acts two and three the government alleges Vernace murdered John D'Agenese and Richard Godkin on April 11, 1981 when John D'Agnese was shot in the face and Richard Godkin was shot at point-blank range in the chest. (see memo of law filed 1/24/11 p 17). Vernace is alleged to have been one of the shooters. *Id.*

17. The evidence the government will introduce in attempt to prove Vernace's involvement in these murders will include crime scene evidence and witness testimony. *Id.*

18. The images and descriptions portrayed by this evidence introduced against Vernace will be extremely graphic in nature and will pose a high risk of spillover prejudice to Wehnert who was not involved with these crimes.

19. In fact, the only allegations against Wehnert in this case are that he took part in running a seasonal baccarat game and that he conspired to make extortionate extensions of credit to players of that card game between October 1990 through January 2003.

20. I submit this motion for severance on the grounds that failure to sever will cause irreparable prejudicial spillover in light of the shocking evidence against Vernace which is otherwise inadmissible against Wehnert.

WHEREFORE, in light of the above and the accompanying Memorandum of Law, defendant ROBERT WEHNERT hereby asks the Court to dismiss the charges against him and sever his case from his co-defendants so that he may receive a fair trial based on actual evidence and not innuendo, together with such other and further relief as the Court deems appropriate.

Dated: New York, New York
      December 28, 2011

Respectfully submitted,

_____
JOSEPH COROZZO, ESQ.
Rubinstein & Corozzo, LLP
Attorney for *Robert Wehnert*
260 Madison Avenue, 22nd Floor
New York, New York 10016
Phone (212) 545-8777
Fax (212) 679-1844