# RUBINSTEIN & COROZZO, LLP
COUNSELORS AT LAW

RONALD RUBINSTEIN
JOSEPH R. COROZZO

CARLA SANDERSON

260 MADISON AVENUE
22ND FLOOR
NEW YORK, N.Y. 10016

TELEPHONE (212) 545-8777
FAX (212) 679-1844

February 23, 2012

The Honorable Sandra L. Townes
United States District Court
Eastern District of New York
225 Cadman Plaza East
Brooklyn, NY 11201

Re: *United States v. Wehnert* 11-cr-05 (SLT)

Dear Judge Townes,

This letter opposes the Government's application to modify defendant Robert Wehnert's bail conditions and vehemently opposes the revocation of bail. For the reasons set forth below, Mr. Wehnert submits his current bail conditions are adequate and should not be modified.

On January 24, 2012 Mr. Wehnert was arrested in Queens County. He was arraigned the following day and charged with violations of New York Penal Laws §§ 130.65-3, 130.80-1, and 260.10-1 in case number 2012QN4503, based on the alleged sexual abuse of the daughter of Mr. Wehnert's girlfriend. (See attached complaint dated January 24, 2012).[1] The Honorable Suzanne J. Melendez set bail at $25,000 and issued a temporary order of protection prohibiting Mr. Wehnert from any and all contact with the complainant. The order of protection is not due to expire until July 24, 2012. Mr. Wehnert made bail the day he was arraigned and has been fully compliant with the order of protection ever since. In fact, there have been no incidents since Mr. Wehnert made bail and no further allegations against him.

The Probation Department's request for a revocation hearing is a result of a "concern for the safety of the public" based upon the representation by NYPD Detective Lampasona that the alleged criminal conduct was committed during the defendant's term of supervision. (See attached memorandum dated January 30, 2012 prepared by Bianca Carter).

---

[1] Attachments will be provided to the Court and the Government in hard copy only and will not be uploaded to ECF in order to protect the privacy of the individuals involved.

While the Queens County Criminal Court Complaint alleges the criminal conduct occurred between January 1, 2006 and November 28, 2011, we note that the complaint is not sworn to by the alleged victim. The complaint is only sworn to by the investigating detective, Detective Lampasona. (See complaint).

Furthermore, neither the criminal court complaint nor the NYPD arrest report specifically cite any criminal conduct occurring while Mr. Wehnert was released on bail in the instant case.[2] (See complaint and NYPD arrest report attached). Nowhere in the allegations are places, dates or conduct that specifically charge Mr. Wehnert with committing a crime after his release on bail.

Mr. Wehnert strongly disputes the facts underlying the Queens charges and maintains his innocence. A licensed private investigator hired by defense counsel conducted an investigation of the sex abuse charges. The private investigator interview of the alleged victim revealed 1) the victim stated that people "put words in my mouth," and 2) she did not intend to participate in the Queen's District Attorney's Office prosecution of Mr. Wehnert. (See attached Interview Informational Summary Report of interview of alleged victim dated February 2, 2012). Furthermore, the reliability of the complainant's accusations has been called into question by the complainant's mother and grandmother who stated they did not believe the complainant. (See attached Interview Informational Summary Report of alleged victim's mother and grandmother dated February 2, 2012). The people who best know the alleged victim are the ones who disbelieve the charges.

In attempt to exonerate himself of the charges as quickly as possible Mr. Wehnert will not waive his right to a speedy trial under New York Criminal Procedure Law § 30.30. Therefore, his Queens county case will either be tried by July 24, 2012 or dismissed pursuant to New York State speedy trial law. Mr. Wehnert wishes to attend all his Queens County court appearances and proactively defend against the state's charges. If he is incarcerated in federal prison his ability to appear in Queens County will be severely impaired.

In addition, Mr. Wehnert suffers from serious health problems including heart problems, diabetes, high blood pressure and a recent bout of Shingles. He is prescribed a plethora of medications for these problems.

In conclusion, Mr. Wehnert is currently out on both state and federal bail which together provide sufficient safeguards Mr. Wehnert will attend all court appearances and will have no contact with the complainant in his Queens case. In light of the tenuous allegations made by the complainant, the Queens County judge made the decision not to

---

[2] On January 26, 2011 Magistrate Judge Carter set conditions of release and bond as to Mr. Wehnert in the above captioned case at $1,000,000 and prohibited Mr. Wehnert from leaving the Eastern and Southern Districts of New York. In addition, the conditions subjected Mr. Wehernt to random visits to his home and place of employment by Pretrial Services. Mr. Wehnert secured bond and has since been compliant with all conditions of his release.

remand Mr. Wehnert and instead issued the order of protection and $25,000 bail. Mr. Wehnert has every intention to comply with the federal and state conditions of his release including the order of protection against him and therefore, we respectfully urge Your Honor to maintain the status quo. If Your Honor orders bail modification, Mr. Wehnert requests any conditions short of incarceration.

        Very truly yours,

        s/ Joseph R. Corozzo
        Joseph R. Corozzo

        RUBINSTEIN & COROZZO, LLP
        *Attorneys for Joseph Corozzo*
        260 Madison Avenue, 22nd Floor,
        New York, NY 10016
        (212)545-8777

Cc:    AUSA Evan Norris via ECF and hand delivery
        Bianca Carter via ECF and hand delivery